CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
FEB - 1 2007
JOHN F. CORCORAN, CLERK
BY: 
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CONRAD BURKE, | ) |
| Plaintiff, | ) Civil Action No. 7:07-cv-00017 |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| CHRIS WEBB, | ) By: Hon. Jackson L. Kiser |
| Defendant. | ) Senior United States District Judge |

Plaintiff Conrad Burke, Virginia inmate # 30600128 at Lynchburg Adult Detention Center, filed a civil rights action pursuant to 42 U.S.C. § 1983, with jurisdiction vested pursuant to 28 U.S.C. § 1343. He alleges that defendants denied him medical care in violation of his constitutional rights, stating that the prison administration "is aware of a serious medical need" and that the administration "has shown deliberate indifference by not allowing [plaintiff] and others the necessity of being able to [use dental] floss" He seeks injunctive relief and monetary damages in an amount "no less than [$]10,000." Upon consideration of the complaint and the record, I conclude that the plaintiff has not stated a claim upon which relief can be granted and, therefore, I dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).[1]

### I.

### Factual and Procedural Summary

On October 9, 2006, plaintiff filed an Inmate Request Form, asking for some dental floss. The Staff Reply stated: "We do not sell floss. Request denied."

On November 16, 2006, plaintiff filed a grievance with the Blue Ridge Regional Jail

---

[1] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

1

Authority ("BRRJA"), the entity that operates the Lynchburg Adult Detention Center. In that grievance, he stated that he had "been denied the opportunity to use dental floss to remove food from between my teeth." Plaintiff requested that the prison "either provide dental floss or allow it to be purchased," adding that not being allowed to floss "is contributing to bad hygiene." The Site Administrator's Response stated, in part:

> YOUR REQUEST FOR DENTAL FLOSS IS DENIED. I CAN APPRECIATE YOU WANTING TO MAINTAIN YOUR TEETH; HOWEVER, DUE TO SECURITY AND SAFETY REASONS[,] FLOSS IS NOT AUTHORIZED. I'M CONFIDENT THAT YOU CAN APPRECIATE OUR PRIORITY CONCERNING SECURITY AND SAFETY OF THE INMATE POPULATION AND THE STAFF.

On December 12, 2006, plaintiff filed a Grievance Appeal Form with the BRRJA. He stated that he was not satisfied with the Site Administrator's response, and gave the following reasons: "[D]ental floss is no bigger security[] or safety issue than the already practices [sic] that are being [sic] available such as razors, spoons, sheets, toothbrush[es], ect. [sic]" The BRRJA responded: "Dental floss is not an allowable item due to security issues."

The instant complaint followed.

## II.

### Analysis

In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to evince that the defendants had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); see also, Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). A claim regarding a disagreement between an inmate

2

and medical personnel over diagnosis or course of treatment and allegations of malpractice or negligence in treatment do not state cognizable constitutional claims under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Estelle, 429 U.S. at 105-06. Additionally, an inmate is not entitled to unqualified access to health care; the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977). Indeed, in the context of short-term incarceration, states may deny inmates elective medical treatment.[2] Kersh v. Bounds, 501 F.2d 585, 588-89 (4th Cir. 1974).

Plaintiff has not made any showing that a constitutional right has been violated. To the extent that Burke believes that the institutional staff, by not allowing him to possess dental floss, have failed to recognize or treat any dental care that he feels he needs,[3] such disagreement does not rise to the level of a federal constitutional violation; nor has Burke alleged an objectively serious medical need. Plaintiff's claim would arise, if at all, under state medical malpractice laws, and does not present a colorable claim under § 1983. See Estelle, supra, at 105-106.

Moreover, when a defendant is lawfully convicted and confined to jail, he loses a significant interest in his liberty for the period of the sentence. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Such confinement is necessarily subject to the broad discretion of those parties managing the jail. Id. However, the confinement does not strip the inmate of all of his liberty interests. Id. "These interests will be generally limited to the freedom from restraint which, while not exceeding

---

[2] The Lynchburg Adult Detention Center is not a facility for long-term incarceration. Inmates there are held as pre-trial detainees and then, if convicted, are transferred to the custody of the Virginia Department of Corrections ("VADOC"), whereupon they are transferred to a VADOC facility (usually within 60 to 90 days).

[3] The record indicates that Burke has been provided routine dental care while an inmate at the Lynchburg Adult Detention Center.

3

the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Nonetheless, functions of prison management must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. Gaston, 946 F.2d at 343.

In this case, Burke fails to allege facts indicating that he has been deprived of any federally protected liberty interest without due process. In light of the potential security threat the presence of dental floss presents to institutional staff and other inmates, I find reasonable the prison's policy of not allowing inmates to possess dental floss. Such policies do not impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

### III.

Based on the foregoing, I find that Burke has not presented any claims that constitute a violation of his constitutional rights. Therefore, I dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Memorandum Opinion, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this Memorandum Opinion and accompanying Order to plaintiff and to counsel of record for the defendants, if known.

**ENTER:** This 1st day of February, 2007.

Senior United States District Judge